UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIANLIN ZHANG,<br><br>       Plaintiff,<br><br>  v.<br><br>PAMELA BONDI, in her official capacity as Attorney General of the United States, KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security, JOSEPH B. EDLOW, in his official capacity as Acting Director of U.S. Citizenship and Immigration,[1] U.S. CITIZENSHIP AND IMMIGRATION SERVICES, and ZORAIDA GOMEZ, in her official capacity as Field Office Director of the USCIS (New York Field Office),<br><br>       Defendants. | No. 25 Civ. 4838 (AT) (HJR) |

## DECLARATION OF LISA LaCOUTURE

I, Lisa LaCouture, pursuant to 28 U.S.C. 1746, do hereby declare the following under the penalty of perjury:

  1.  I am a Supervisory Immigration Services Officer in the Albany Field Office for the United States Citizenship and Immigration Services ("USCIS") in the Department of Homeland Security ("DHS"). I supervise immigration adjudication officers and also aid in the adjudication of complex applications for benefits. I have held the position of Supervisory Immigration Services Officer since October 13, 2019. Prior to this, I was an Immigration Services Officer from May 4, 2014, to October 12, 2019.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the above-referenced individuals are automatically substituted for Merick B. Garland, Alejandro Mayorkas, and Kika Scott as defendants in this matter.

2. In my current capacity and based upon reasonable inquiry and my knowledge, information, and belief from a review of files maintained by USCIS in the regular course of its operations and my consultation with other officers of USCIS, I make this declaration in support of the Defendants' motion to dismiss.

3. At the request of Assistant United States Attorney Mark Osmond, I have reviewed the files maintained by DHS pertaining to Plaintiff Tianlin Zhang ("Zhang").

4. Zhang was admitted to the United States as a B2 visitor on April 22, 2023, with permission to remain in the United States until October 21, 2023.

5. Zhang's spouse, Junzhuo Hui, filed Form I-130, Petition for Alien Relative, on behalf of Zhang on July 24, 2023, seeking to classify her as the spouse of a Lawful Permanent Resident.[2] Three days later, on July 27, 2023, Zhang filed an Application to Register Permanent Residence or Adjust Status ("Form I-485").

6. On October 13, 2024, Zhang left the United States following a grant of advanced parole and returned on November 4, 2024.

7. On November 22, 2024, the I-130 visa petition was approved but the I-485 was denied by USCIS's New York City Field Office.

8. Zhang filed a Motion to Reopen and Reconsider this decision by filing Form I-290B and, on January 11, 2025, the Form I-290B was granted. Zhang's Form I-485 was reopened and on July 14, 2025, was relocated to the USCIS's Albany Field Office.

9. On July 17, 2025, USCIS issued an interview notice to Zhang instructing her to appear for an interview on August 27, 2025. *See* Exhibit A, annexed hereto.

---

[2] I understand the paragraph 3 of the Zhang's Complaint alleges that her spouse is a U.S. citizen, but this is not correct.

10. On or about July 29, 2025, I learned that Zhang had filed a complaint in U.S. District Court, and I thereafter reviewed her application to ensure it was properly completed and ready for assignment to an Immigration Services Officer to conduct an interview and issue a final adjudication on August 27, 2025.

11. On July 31, 2025, I determined that the Zhang's application was deficient and requires a copy of her notarial certificate of birth. This is distinct from a medical birth certificate, which is already in Zhang's file. A Request for Evidence was issued to Zhang on July 31, 2025, requesting that she submit a notarial birth certificate by October 23, 2025. *See* Exhibit B, annexed hereto. To date, USCIS has not received Zhang's notarial birth certificate.

12. Until Zhang responds to the Request for Evidence, it cannot be determined whether an interview is necessary and therefore Zhang's previously scheduled interview was cancelled. *See* Exhibit C, annexed hereto.

13. Additionally, because the I-130 visa petition was filed by a Lawful Permanent Resident, Zhang requires a visa number issued by the Department of State before USCIS can approve her I-485. On August 7, 2025, I checked the visa availability on the State Department's website and confirmed that visa numbers are not yet available for applicants with Zhang's "priority date"—July 24, 2023, the date that her spouse filed Form I-130. According to the Department of State's Visa Bulletin for July and August 2025, visa numbers in the F2A category (spouses and children of Lawful Permanent Residents) for applicants from China are only available to those with a priority date of September 1, 2022, or earlier. *See* https://travel.state.gov/content/travel/en/legal/visa-law0/visa-bulletin.html. Even if the application is otherwise ready for completion, the I-485 cannot be approved by USCIS until a visa number is available.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 7th day of August, 2025.

                                                      _____

Lisa LaCouture
Supervisory Immigration Services Officer
U.S. Citizenship and Immigration Services