USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  12/8/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIANLIN ZHANG,

                Plaintiff,

        -v-

MERRICK B. GARLAND, ET AL.,

                Defendants.

**REPORT AND
RECOMMENDATION**

25-CV-4838 (AT) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

**To the Honorable Analisa Torres, United States District Judge:**

Before the undersigned for a report and recommendation is a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) filed by Defendants U.S. Citizenship and Immigration Services ("USCIS"), Attorney General Pamela Bondi, Secretary of Homeland Security Kristi Noem, Director of USCIS Joseph B. Edlow,[1] and USCIS New York City Field Office Director Zoraida Gomez, (collectively, the "Government").  ECF Nos. 14–18.  For the reasons discussed below, the undersigned respectfully **RECOMMENDS** that the Government's motion to dismiss be **GRANTED**.

I.      BACKGROUND

Plaintiff Tianling Zhang ("Zhang" or "Plaintiff") filed an Application to Register Permanent Residence or Adjust Status ("Form I-485") on July 27, 2023.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the above-referenced individuals are automatically substituted for Merrick B. Garland, Alejandro Mayorkas, and Kika Scott as defendants in this action.

ECF No. 1 ("Compl.") ¶ 1; ECF No. 1-1 at 3.  On November 22, 2024, USCIS denied her Form I-485 after concluding that Zhang reentered the United States without a valid Advance Parole document.  Compl. ¶ 2; ECF No. 1-1 at 5.  Zhang contends that she had a valid Advance Parole document and that USCIS's finding was therefore erroneous.  Compl. ¶¶ 2–3.  Zhang filed a Motion to Reopen and Reconsider this decision by filing Form I-290B.  On January 11, 2025, the Form I-290B was granted and Zhang's Form I-485 was reopened.  ECF No. 15, Declaration of Lisa LaCouture ("LaCouture 8/7/2025 Decl.") ¶ 8.

Zhang commenced this action on June 9, 2025, complaining that USCIS had "failed to provide any update or decision" on the status of her appeal.  *See* Compl. ¶ 6.  She claims that the Government has violated the APA, which gives her "the right to a timely and reasoned adjudication of [her] immigration petition."  *Id.* at 2.

The Government filed its motion to dismiss on August 12, 2025, ECF No. 14, supported by a Declaration by LaCouture dated August 7, 2025, ECF No. 15, a memorandum of law, ECF No. 16, and a Local Rule 12.1 Notice to a *pro se* litigant who opposes a motion to dismiss supported by materials outside the pleadings.  ECF No. 17.  Plaintiff filed her opposition on August 19, 2025.  ECF No. 20 ("Opp.").  The Government submitted its reply on September 3, 2025, ECF No. 22, with a Declaration by LaCouture dated September 2, 2025.  ECF No. 23.

As described in the briefing, on July 17, 2025, USCIS issued an interview notice instructing Zhang to appear for an interview on August 27, 2025.  LaCouture 8/7/2025 Decl. ¶ 9, Ex. A.  Upon further review, USCIS Supervisory Immigration

2

Services Officer Lisa LaCouture determined Zhang's I-485 was deficient because, while it contained a medical birth certificate, her file lacked a required notarial birth certificate.  LaCouture 8/7/2025 Decl. ¶ 11.  Accordingly, USCIS issued a Request for Evidence ("RFE") on July 31, 2025, requesting that a notarial birth certificate be submitted by October 23, 2025, *id.* ¶ 11, Ex. B, and USCIS withdrew the interview request.  *Id.* ¶ 12, Ex. C.  Zhang submitted the notarial birth certificate on July 31, 2025.  Opp. at 3.

After the instant motion was fully briefed, USCIS approved Zhang's application on October 2, 2025.  ECF No. 27-1.  The undersigned directed Plaintiff to submit a letter by November 21, 2025, explaining why, in light this approval, the undersigned should not recommend that this action be dismissed as moot.  ECF No. 28.  To date, Plaintiff has not filed a response.

## II.    LEGAL STANDARDS

"'A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.'"  *Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  It is the plaintiff's burden to establish that subject matter jurisdiction exists.  *Luckett*, 290 F.3d at 497.  "[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it."  *Shipping Fin. Servs. Corp. v. Drakos*,

140 F.3d 129, 131 (2d Cir. 1998); *accord APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003).

Where a defendant makes a factual attack on the court's jurisdiction to hear a plaintiff's claims, "no presumptive truthfulness attaches to the complaint's jurisdictional allegations; rather, the burden is on the plaintiff to satisfy the Court, as fact-finder, of the jurisdictional facts." *Guadagno v. Wallack Ader Levithan Assoc.*, 932 F. Supp. 94, 95 (S.D.N.Y. 1996), *aff'd*, 125 F.3d 844 (2d Cir. 1997) (citations omitted). When "deciding a Rule 12(b)(1) motion, the court may also rely on evidence outside the complaint." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.à.r.l.*, 790 F.3d 411, 417 (2d Cir. 2015). "While the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest, a *pro se* plaintiff still bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Logan v. Town of Windsor*, 833 F. App'x 919, 920 (2d Cir. 2021) (cleaned up).

Under Article III of the U.S. Constitution, "when a case becomes moot, the federal courts lack subject matter jurisdiction over the action." *Fox v. Bd. of Trs. of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994) (cleaned up). An action is moot when it no longer involves any "live" issue or when "the parties lack a legally cognizable interest" in its outcome. *Hassoun v. Searls*, 976 F.3d 121, 130 (2d Cir. 2020) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983). "[T]o

4

satisfy the case-or-controversy requirement, a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." *United States v. Blackburn*, 461 F.3d 259, 261 (2d Cir. 2006) (quoting *United States v. Mercurris*, 192 F.3d 290, 293 (2d Cir. 1999)). "In the immigration context, an agency's refusal to act on an application for adjustment of status is a prerequisite for the existence of a case or controversy." *Long v. Garland*, No. 22-CV-6652, 2023 WL 6930674, at *2 (E.D.N.Y. Oct. 19, 2023) (cleaned up).

## III.   DISCUSSION

Zhang complains that USCIS has failed to timely adjudicate her Application to Register Permanent Residence or Adjust Status. Federal district courts have original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is "a drastic and extraordinary remedy" reserved only for exceptional circumstances. *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380 (2004). Before the Court may exercise this power, the plaintiff must show "(1) there is a clear right to the relief sought; (2) the Government has a plainly defined and peremptory duty to perform the act in question; and (3) there is no other adequate remedy available." *Benzman v. Whitman*, 523 F.3d 119, 133 (2d Cir. 2008).

Based on the facts alleged in the complaint, and the facts presented during and after the briefing of the instant motion, Zhang's application has already been adjudicated and there is no relief left to be given.

On October 2, 2025, USCIS sent Zhang a notice that her application had been approved. ECF No. 27-1. This approval notice represented the final decision on the issue. Despite being given an opportunity to address whether any issue remains to be decided, Zhang has not shown that there are any pending applications that the Government has a "clear and nondiscretionary" duty to adjudicate, which makes her claims moot. *See Kubanychbekov v. Blinken*, No. 23-CV-11020, 2024 WL 4931893 (S.D.N.Y. Dec. 1, 2024) (dismissing action as moot where the government had issued a final decision on the application and there was no showing of any pending applications); *Lavariega v. Johnson*, No. 14-CV-5008, 2015 WL 5613206, at *3 (S.D.N.Y. Sept. 24, 2015) (same). Further, approval of the application is the ultimate relief that Zhang sought. *See* ECF No. 20 at 2 ("This action seeks only a timely adjudication—a discrete, legally required agency action that USCIS has delayed . . . ."). Thus, "the relief sought can no longer be given or is no longer needed" and the action is moot. *Martin-Trigona*, 702 F.2d at 386.

Even if Zhang's application had not been finally adjudicated, Zhang's claims would still be moot because the Government took steps to adjudicate her application. USCIS issued an interview notice on July 17, 2025, and a RFE on July 31, 2025. LaCouture 8/7/2025 Decl. ¶¶ 9, 11, Ex. A, Ex. B. Zhang acknowledged receipt of the RFE and stated that she had already complied with the request. Opp. at 3. Courts in this circuit hold that when "plaintiffs seek to compel adjudication of their application for an adjustment of their immigration status and the USCIS issues a RFE, the action is moot." *Jun Lin v. Johnson*, No. 19-CV-2878, 2019 WL

3409486, at *1 (E.D.N.Y. July 29, 2019); *Shao v. United States Citizenship & Immigr. Servs.*, No. 22-CV-6554, 2023 WL 3473782 (S.D.N.Y. Apr. 26, 2023), *report and recommendation adopted*, 2023 WL 3473783 (S.D.N.Y. May 15, 2023) ("[T]he agency has acted upon Plaintiff's application by issuing a RFE, which moots Plaintiff's request to compel agency action.").

Because the Government not only acted upon Zhang's application, but approved it, this action should be dismissed as moot.

## IV.    CONCLUSION

For the reasons described above, the undersigned respectfully **RECOMMENDS** that the Government's motion to dismiss should be **GRANTED** and Plaintiff's Complaint should be dismissed as moot.

### PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections.  *See* Fed. R. Civ. P. 6(a), (b), (d).  Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Analisa Torres, United States Courthouse, 500 Pearl Street, New York, New York 10007-1312.  Any requests for an extension of time for filing objections must be directed to Judge Torres.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE**

**APPELLATE REVIEW.** 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

Dated: December 8, 2025
New York, New York

Henry J. Ricardo
United States Magistrate Judge

8